IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2014-FL

| | | |
|---|---|---|
| ROGER ARTHUR, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| LESLIE COOLEY-DISMUKES, | ) | |
| Respondent. | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment (DE 15) under Federal Rule of Civil Procedure 56. Petitioner responded in opposition. In this posture, the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

On October 31, 2019, petitioner was convicted following a jury trial in New Hanover County Superior Court of possession with intent to manufacture, sell, and deliver heroin, simple possession of marijuana, possession of heroin on the premises of a local confinement facility, possession of marijuana on the premises of a local confinement facility, and two counts of possession of drug paraphernalia. See State v. Arthur, No. COA20-635, 2021 WL 4535680, at *1-2. Petitioner also pleaded guilty to attaining habitual felon status. Id. at *2. The New Hanover County Superior Court sentenced petitioner as a habitual felon to two consecutive terms of 67 to 93 months' imprisonment. Id.

Following imposition of the sentence, petitioner appealed his convictions to the North Carolina Court of Appeals. On direct appeal, petitioner raised the following claims: 1) a New

Hanover County sheriff's deputy should not have been permitted to testify as a lay witness that petitioner possessed marijuana and that such testimony violated petitioner's right to a fair trial; and 2) sentencing petitioner as a habitual felon violated his right to be free from cruel and unusual punishment. (Resp's Mem. Ex. 3 (DE 17-3) at 9-29).[1] In an unpublished opinion filed October 5, 2021, the North Carolina Court of Appeals held there was no error at trial. Arthur, 2021 WL 4535680, at *3-4.

Petitioner then sought discretionary review from the North Carolina Supreme Court. The high court initially granted review (Resp's Mem. Ex. 8 (DE 17-8) at 2) but determined after briefing and oral argument that discretionary review was improvidently allowed October 20, 2023. (Amend. Pet. Ex. 2 (DE 5-1) at 10).

Petitioner filed motion for appropriate relief ("MAR") in New Hanover County Superior Court July 3, 2024. In his MAR, petitioner raised the following claims: 1) the grand jury or trial jury that issued his indictment or entered guilty verdict was unconstitutionally selected, impaneled, and constituted; 2) trial counsel was ineffective for failing to object to lay testimony identifying substance as marijuana and appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal; and 3) assuming petitioner's conviction was valid, his sentence was invalid. (Resp's Mem. Ex. 12 (DE 17-12) at 2-10).

The trial court denied petitioner's MAR August 2, 2024. On petitioner's first claim, the New Hanover County Superior Court determined petitioner's argument lacked merit and was procedurally barred because he was in an adequate position to raise the claim on direct appeal but

[1] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management/electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

failed to do so. (Amend. Pet. Ex. 3 (DE 5-1) at 14). On petitioner's ineffective assistance of trial counsel claim, the trial court determined petitioner's argument also lacked support and was procedurally barred because petitioner failed to raise the claim on direct appeal. (Id.). As to petitioner's ineffective assistance of appellate counsel claim, the trial court determined it was baseless under the deficient performance and prejudice prongs of the ineffective assistance of counsel analysis. (Id. at 14-15). Finally, the court determined plaintiff's third claim was likewise without merit and procedurally barred due to petitioner's failure to raise the issue on direct appeal. (Id. at 15).

Petitioner filed writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's order denying his MAR. Certiorari was denied by order filed October 15, 2024. (Amend. Pet. Ex. 4 (DE 5-1) at 16).

Petitioner filed this § 2254 petition January 21, 2025. (DE 1). On January 31, 2025, petitioner was directed to file an amended petition clarifying the grounds on which he challenges his conviction. (January 31, 2025, Order (DE 4) at 1). Petitioner filed amended § 2254 petition February 13, 2025. (DE 5). Petitioner also filed an "amendment to clearly identify and clarify the grounds challenged." (DE 6). Petitioner broadly asserts these claims: 1) a New Hanover County sheriff's deputy should not have been permitted to offer lay testimony identifying a substance found on petitioner as marijuana; 2) allowing the testimony of the New Hanover County Sheriff's deputy violated petitioner's right to a fair trial; 3) ineffective assistance of trial counsel; 4) ineffective assistance of appellate counsel; 5) the prosecutor and his trial counsel "failed to share exculpatory evidence"; and 6) 76 proposed appellate issues included in the appellate record on direct appeal, which petitioner purports to incorporate by reference. (DE 5 at 6-8; DE 6 at 3).

On October 24, 2025, respondent filed the instant motion for summary judgment, supported by statement of material facts, memorandum of law, and appendix of exhibits including records from petitioner's trial, sentencing, and state post-conviction proceedings. After receiving multiple extensions, petitioner responded in opposition February 20, 2026, supported by opposing statement of material facts and appendix incorporating by reference the exhibits filed in connection with the amended petition and trial transcripts filed by respondent.

**STATEMENT OF THE FACTS**

The facts underlying petitioner's convictions, as recounted by the North Carolina Court of Appeals, are summarized below:

> On 22 April 2019, Defendant was indicted for possession with intent to manufacture, sell, and deliver heroin; possession of heroin; possession of heroin on the premises of a local confinement facility; possession of marijuana; possession of marijuana on the premises of a local confinement facility; two counts of possession of drug paraphernalia; and attaining habitual felon status. All but the charge of attaining habitual felon status were tried before a jury on 29 and 30 October 2019.
>
> The evidence at trial tended to show the following: Defendant was arrested and booked into the New Hanover County Detention Facility on 21 January 2019. The next day, Deputy Heavin Mason was working as a detention officer and smelled marijuana in the cell where Defendant and another inmate were housed. Mason checked the nearby cells and confirmed that the odor was coming from Defendant's cell. Officers removed Defendant and his cellmate from the cell, conducted a pat-down search of each, and then searched the cell.
>
> After the officers did not find any narcotics in the cell, they conducted a "visual body inspection" on both Defendant and his cellmate. A visual body inspection begins with a pat-down while the inmate is dressed. Then, the officer directs the inmate to remove one article of clothing at a time, searches the article of clothing, and moves to the next article. Once the inmate is undressed, the officer searches the inmate's mouth, behind the ears, in any long hair, and behind the inmate's scrotum. Finally, the officer directs the inmate to squat and cough "to make sure that no contraband is being smuggled into the facility" via the inmate's anal cavity.

> Mason testified that when he instructed Defendant to squat and cough, Defendant only partially performed the maneuver. After Mason again instructed Defendant to squat and cough, Defendant complied, and Mason "saw a clear plastic bag, material, sticking out of . . . his rectum." Mason instructed Defendant to perform the maneuver again, but Defendant refused. Mason informed a superior, Corporal James Biondo, who attempted to perform another visual body inspection on Defendant in the intake area of the jail. According to the officers, Defendant only partially performed the squat and cough maneuver and became "belligerent and argumentative." The officers restrained Defendant and took him to the hospital.
>
> Deputy Wes Baxley of the New Hanover County Sheriff's Office vice and narcotics unit came to the hospital. After Baxley obtained a search warrant to search Defendant's rectal cavity, Defendant spoke to a nurse and agreed to remove the items hidden in his rectal cavity. Baxley testified that Defendant first reached behind himself and "produced a small amount of marijuana." Baxley "still could hear crinkling of plastic on or about [Defendant's] person" and asked Defendant what else was hidden. Baxley testified that Defendant then reached behind himself and produced "a small amount of heroin in a plastic bag." This second bag contained 30 smaller individual baggies bundled together with rubber bands. Once an x-ray revealed no further hidden items, Defendant was transported back to the detention center.
>
> Lyndsay Cone, a forensic scientist in the State Crime Lab's drug chemistry section, testified at trial as "an expert in the field of forensic chemistry analyzing substances for the purposes of determining whether they contain controlled substances." Cone analyzed the substance found in one of the 30 small bags within the second bag, but did not analyze the substance which Baxley identified as marijuana.
>
> The State dismissed the possession of heroin charge during the charge conference. The jury found Defendant guilty of the remaining drug charges. Defendant thereafter pled guilty to attaining habitual felon status. The trial court consolidated the convictions into two judgments and sentenced Defendant as a habitual felon to two consecutive terms of 67 to 93 months in prison.

Arthur, 2021 WL 4535680, at *1-2.

## COURT'S DISCUSSION

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue [requiring evidentiary hearing]." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue [requiring evidentiary hearing]." Id. at 249. In determining whether there is a genuine issue requiring evidentiary hearing, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

But "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (cleaned up). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). When "the evidence as a whole is susceptible of more than one reasonable inference," however, "a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1), (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision "involves an unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A state court decision also applies Supreme Court precedent unreasonably if it extends existing precedent to a new context where it

does not apply or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the defendant's constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Factual determinations made by state courts are presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

But if the state court does not adjudicate the merits of the petitioner's claims, and the claim is not procedurally defaulted or the respondent fails to assert procedural default, the federal court reviews the claim de novo. Plymail v. Mirandy, 8 F.4th 308, 316 (4th Cir. 2021); Valentino v. Clarke, 972 F.3d 560, 576 (4th Cir. 2020).

B. Analysis

1. Procedurally Defaulted Claims

Respondent argues that many of petitioner's challenges to his conviction and sentencing are procedurally defaulted. If a state inmate fails to exhaust state court remedies prior to filing a federal habeas petition, and state procedural rules would bar petitioner form asserting the clams if he returned to state court, the claims are procedurally defaulted. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see also Coleman v. Thompson, 501 U.S. 722, 749–50 (1991). Procedurally defaulted claims are unreviewable in federal court unless the petitioner shows cause and prejudice, or that failure to review the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Plymail, 308 F.4th at 316. Respondent bears the burden of

pleading and proving procedural default. See Plymail, 308 F.4th at 316. To successfully invoke the doctrine of procedural default, respondent must establish that "it is clear that the habeas petitioner's claims are now procedurally barred under state law." Gray v. Netherland, 518 U.S. 152, 161 (1996) (cleaned up).

Respondent argues that the following claims raised in petitioner's § 2254 petition are procedurally defaulted: 2) lay witness testimony from a New Hanover County sheriff's deputy identifying a substance found on petitioner as marijuana violated petitioner's right to a fair trial; 3) ineffective assistance of trial counsel; 5) the prosecutor and petitioner's trial counsel failed to share exculpatory evidence; and 6) 72 proposed issues included in the appellate record on direct appeal. Each claim is addressed in turn.

Respondent argues that petitioner's second claim, that lay witness testimony from a New Hanover County sheriff's deputy identifying a substance found on petitioner as marijuana violated petitioner's right to a fair trial, was procedurally defaulted because petitioner failed to raise the claim in constitutional terms on petition for discretionary review to the North Carolina Supreme Court and in briefing to the high court when it initially granted discretionary review. But petitioner did raise the claim in constitutional terms. On brief, petitioner argued that "[t]he opinion of the Court of Appeals in this matter is . . . in violation of [petitioner's] constitutional rights to due process." (See Resp's Mem. Ex. 9 (DE 17-9) at 20). Thus, the court will consider this claim on the merits.

Respondent next argues that petitioner's third claim, ineffective assistance by petitioner's trial counsel, was procedurally defaulted because petitioner could have raised the claim on direct appeal but failed to do so. As noted above, the New Hanover County Superior Court concluded

this claim was barred because petitioner failed to raise it on direct appeal. (Amend. Pet. Ex. 3 (DE 5-1) at 14). Respondent argues this outcome is consistent with North Carolina law because state courts are required to deny a MAR if "the defendant was in a position to adequately raise the ground or issue underlying the present motion [on a previous appeal] but did not do so." N.C. Gen. Stat. § 15A-1419(a)(3). As the United States Court of Appeals for the Fourth Circuit has recognized, "§ 15A-1419(a)(3) is an independent and adequate state ground for purposes of procedural default." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008). On direct appeal to the North Carolina Court of Appeals, petitioner did not brief this claim. (See Resp's Mem. Ex. 3 (DE 17-3) at 16-29).

In responding to the motion for summary judgment, petitioner does not address his failure to raise this claim on direct appeal. Respondent also fails to show cause and prejudice, or that failure to review this claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Plymail, 308 F.4th at 316. Even so, because petitioner's ineffective assistance of appellate counsel stems from appellate counsel's purported failure to raise ineffective assistance of trial counsel, both claims will be addressed on the merits.

Respondent also contends that petitioner's fifth claim, that the prosecutor and his trial counsel failed to share exculpatory evidence, is procedurally defaulted because petitioner did not raise this claim on direct appeal or in his MAR. See Baker, 220 F.3d at 288; see also N.C. Gen. Stat. § 15A-1419(a)(3) (prohibiting MAR where defendant fails to raise issue on prior appeal), (a)(1) (prohibiting MAR where defendant fails to raise issue in prior MAR). On direct appeal to the North Carolina Court of Appeals, petitioner did not brief this claim. (See Resp's Mem. Ex.

3 (DE 17-3) at 16-29). Neither did he raise it in his MAR. (See Resp's Mem. Ex. 12 (DE 17-12) at 2-11).

In response to the motion for summary judgment, petitioner does not address his failure to raise this claim on direct appeal or in his MAR, and he fails to show cause and prejudice, or that failure to review this claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Plymail, 308 F.4th at 316. For these reasons, this claim is also unreviewable in this habeas action.

Finally, respondent argues the majority of petitioner's sixth claim, 72 of the 76 proposed issues included in the appellate record on direct appeal, was procedurally defaulted because petitioner likewise failed to raise these issues on direct appeal. See Baker, 220 F.3d at 288; see also N.C. Gen. Stat. § 15A-1419(a)(3) (prohibiting MAR where defendant fails to raise issue on prior appeal). On direct appeal to the North Carolina Court of Appeals, petitioner did not brief these issues. (See Resp's Mem. Ex. 3 (DE 17-3) at 16-29). In petitioner's response to the motion for summary judgment, he does not address his failure to raise these claims on direct appeal and fails to show cause and prejudice, or that failure to review this claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Plymail, 308 F.4th at 316. Accordingly, except for issues 8, 10, 11, and 12, which were arguably raised by petitioner on direct appeal, those proposed appellate issues identified in petitioner's sixth claim are unreviewable in the instant habeas action.

2. Admission of Lay Witness Testimony Identifying Marijuana

Petitioner challenges the trial court's admission of testimony by a New Hanover County sheriff's deputy identifying a substance found in a plastic bag removed from petitioner's anal

cavity as marijuana. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68; see also 28 U.S.C. § 2254(d)(1), (2). Thus, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. Federal habeas courts may not reverse a conviction "based on a belief that the trial judge incorrectly interpreted" a state's rules of evidence. Id. at 72. On evidentiary issues, the only question is whether the deficient ruling "so infected the entire trial that the resulting conviction violates due process." Id.

The North Carolina Court of Appeals adjudicated this claim on the merits, holding, in pertinent part:

> A lay witness' "testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2019). This Court has consistently held that "a police officer experienced in the identification of marijuana may testify to his visual identification of evidence as marijuana[.]" State v. Garnett, 209 N.C. App. 537, 546, 706 S.E.2d 280, 286 (2011) (citation omitted); see also State v. Johnson, 225 N.C. App. 440, 455, 737 S.E.2d 442, 451 (2013) ("It is well established that officers with proper training and experience may opine that a substance is marijuana."); State v. Mitchell, 224 N.C. App. 171, 179, 735 S.E.2d 438, 444 (2012) (noting that "marijuana is distinguishable from other controlled substances that require more technical analyses for positive identification" and "the State is not required to submit marijuana for chemical analysis"); State v. Cox, 222 N.C. App. 192, 198, 731 S.E.2d 438, 443 (2012) ("[T]he trial court did not err by allowing the two officers to identify the green vegetable matter as marijuana based on their observation, training, and experience."), rev'd on other grounds, 367 N.C. 147, 749 S.E.2d 271 (2013); State v. Jones, 216 N.C. App. 519, 526, 718 S.E.2d 415, 421 (2011) ("[O]ur case law provides that an officer may testify that the contraband seized was marijuana based on visual inspection alone.").
>
> . . .

> At trial, Baxley testified that the first bag produced by Defendant contained marijuana. Baxley testified that he identified the substance "from what it looks like [and] what it smelled like"; he had been "exposed [] to what marijuana smelled like and looked like" during training; and he had "done numerous cases involving marijuana, small to large quantities," in his time with the vice and narcotics unit. Baxley permissibly offered an opinion identifying the substance as marijuana based on his training and experience. See Johnson, 225 N.C. App. at 455, 737 S.E.2d at 451. The trial court did not err, let alone commit plain error, by admitting his testimony.

Arthur, 2021 WL 4535680, at *2-3.

Petitioner contends that the trial court's admission of lay testimony identifying a substance found on his person as marijuana violated North Carolina's evidentiary rules and, as a result, violated petitioner's due process rights under the Fourteenth Amendment because his marijuana-related convictions were based on insufficient evidence. Thus, this claim turns on the narrow question of whether a lay witness can identify a substance as marijuana under the North Carolian Rules of Evidence.

For those reasons identified by the North Carolina Court of Appeals, the trial court's admission of lay testimony identifying a substance as marijuana based on the lay witness' training and experience as a vice and narcotics law enforcement officer was permissible under North Carolina's evidentiary rules. See Arthur, 2021 WL 4535680, at *2-3, cert. denied, 385 N.C. 330 (2023). As a result, petitioner's marijuana-related convictions based on this evidence do not violate due process. See Estelle, 502 U.S. at 67. To the contrary, though unnecessary to the outcome of this claim, the trial court's conclusion was consistent with admissibility requirements under the Federal Rules of Evidence. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) ("Lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged

narcotics transaction.") (cleaned up). For similar reasons, petitioner's second claim and proposed appellate issues 8, 10, 11, and 12, which petitioner raises in his sixth claim, and which all relate to the trial court's admission of this lay witness testimony, are meritless. Accordingly, respondent is entitled to summary judgment on these claims.

3. Ineffective Assistance of Trial and Appellate Counsel

To establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland, 466 U.S. at 687. Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court is "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. "Decisions about what types of evidence to introduce are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention and what sort of mitigating evidence they can choose not to introduce." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). The second prong requires a petitioner to prove that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

As noted above, petitioner failed to raise ineffective assistance of trial counsel on direct appeal. Because petitioner's ineffective assistance of appellate counsel claim arises from appellate counsel's failure to raise this claim on appeal, the court addresses both ineffective assistance of trial counsel and appellate counsel on the merits. Petitioner's ineffective assistance of counsel claims generally stem from trial counsel's failure to object to the admissibility of the

lay testimony identifying a substance removed from petitioner's anal cavity as marijuana. As detailed above, the North Carolina Court of Appeals held there was no error in the admission of this testimony. This outcome is consistent with both North Carolina's evidentiary rules and federal admissibility requirements. As a result, petitioner cannot sustain a claim for ineffective assistance of trial counsel related to the admission of this lay testimony, nor can he sustain a claim against appellate counsel based on trial counsel's failure to object to the same. See Strickland, 466 U.S. at 687, 694.

Beyond petitioner's arguments regarding inadmissibility of the above referenced lay testimony, he vaguely contends that his "Lawyer(s) did not provide a strong and vigorous defense," that "his attorney and the prosecutor failed to share exculpatory evidence," and that "[he] was led to believe Jurors had considered evidence not presented in open court." (DE 6 at 2-3). Petitioner does not identify any factual support for these arguments in the record, and the court has found none. See Myrick, 395 F.3d at 489 (judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture"). Accordingly, respondent is entitled to summary judgment on these claims.

4. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a

certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition considering the applicable standard, the court concludes reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

**CONCLUSION**

Based on the foregoing, respondent's motion for summary judgment (DE 15) is GRANTED. The petition is DISMISSED with prejudice, and a certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge